641 So.2d 128 (1994)
Ronnie FRALEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-357.
District Court of Appeal of Florida, Third District.
June 21, 1994.
Rehearing Denied August 31, 1994.
*129 Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and GREEN, JJ.
PER CURIAM.
Defendant appeals from judgments of conviction and sentences that arose from offenses he committed during his one-man crime spree. We affirm in part and reverse in part.
The series of crimes began with the armed robbery of an adult book store. Defendant pistol-whipped and shot at the store clerk, took money from the register, and then took the clerk's personal firearm. Count I of the information charged him with armed robbery for taking cash from the victim, identified as the store and/or the clerk; Count II charged him with armed robbery for taking a firearm from the victim, again identified as the store and/or the clerk. Defendant was convicted of two separate counts of armed robbery as charged in Counts I and II of the information, and of aggravated battery on the clerk, as charged in Count V, and was ordered to serve two life sentences with minimum mandatory terms, to run concurrently. Because the two acts of taking "were part of one comprehensive transaction to confiscate the sole victim's property," only one of those convictions can stand. Nordelo v. State, 603 So.2d 36, 38 (Fla. 3d DCA 1992). Accordingly, we vacate one conviction for armed robbery; we likewise vacate the sentence of life imprisonment with a three-year minimum mandatory term that accompanies that one conviction for armed robbery. Moreover, the trial court erred in sentencing defendant to consecutive life sentences with minimum mandatory terms on the armed robbery conviction and the aggravated battery conviction charged in Count V. The convictions arose from the same criminal episode and involved the same victim; the terms should run concurrently. See Ward v. State, 630 So.2d 217 (Fla. 3d DCA 1993).
When defendant fled the store, he shot the security guard; that offense resulted in a conviction for attempted first degree murder. Defendant then made two attempts at two different locations to commandeer different cars; both attempts failed. This portion of the crime spree resulted in one conviction for armed burglary of a conveyance, and two convictions for attempted robbery with a firearm  one for each car's driver.
The trial court entered consecutive minimum mandatory sentences for armed burglary of the store (Count IV) and attempted first degree murder of the security guard (Count VII)  both of which were to run consecutively with the sentences for the armed robbery and aggravated battery of the clerk. We affirm the convictions, but vacate that portion of the sentencing order that mandates consecutive sentences and direct the trial court on remand to resentence defendant to concurrent terms on these offenses. Because these offenses arose from *130 the same criminal episode in the same location  the adult book store  the imposition of consecutive minimum mandatory sentences was error. Abreu v. State, 610 So.2d 564 (Fla. 3d DCA 1992) (trial court erred in sentencing defendant to consecutive minimum mandatory sentences for crimes that arose from same criminal episode), rev. denied, 623 So.2d 493 (Fla. 1993). As to the sentences that arose from the attempted carjackings, we find no error in the imposition of sentences with minimum mandatory terms to run consecutively with the sentences for armed robbery and aggravated battery. Unlike the offenses that occurred in the store, these offenses were sufficiently distinct in time, place, and victim to support the consecutive sentences.
Shortly before he was captured on a rooftop, defendant also shot at two detectives who had identified themselves to him as police officers; one officer was wounded. Defendant was convicted of two counts of attempted first degree murder of a law enforcement officer and was sentenced to two consecutive twenty-five year minimum mandatory terms. We find no error in the convictions or the sentence. Newton v. State, 603 So.2d 558 (Fla. 4th DCA 1992) (trial court properly imposed three consecutive life sentences for attempted murder of three law enforcement officers, as defendant's shooting of those officers during pursuit is not one criminal episode).
We find no merit in defendant's other points on appeal.
Affirmed in part; reversed in part; sentences vacated in part and remanded for further consistent proceedings.