RYDER, Acting Chief Judge.
A jury convicted Christopher Walker of attempted premeditated murder with a firearm and attempted robbery with a firearm. As his sole point on appeal, Walker challenges his sentence of sixty years’ imprisonment for attempted murder. Walker argues that, under section 775.082(3)(a), Florida Statutes (1991), the trial court could not impose a sentence exceeding forty years’ imprisonment. We agree and reverse.
Premeditated murder is capital felony. § 782.04(l)(a), Fla.Stat. (1991). Attempted premeditated murder is a first degree felony that is reclassified to a life felony when the defendant carries a firearm. §§ 775.087(l)(a), 777.04(4)(a), Fla.Stat. (1991); Strickland v. State, 437 So.2d 150, *1031 151 (Fla.1983); Williams v. State, 407 So.2d 223, 224-225 (Fla. 2d DCA 1981). A person convicted of a life felony may be punished “by a term of imprisonment for life or by a term of imprisonment not exceeding forty years.” § 775.082(3)(a), Fla.Stat. (1991).
The amended information referenced a life felony, and charged Walker with attempted premeditated murder, “by shooting at [the victim] with a firearm.” The jury found Walker guilty as charged and also specifically found that he had used a firearm. The amended information and the verdict form establish that Walker was charged with and convicted of a life felony. Whenever a court sentences a defendant for a life felony, and opts for a term of years instead of life imprisonment, it may impose a sentence no harsher than forty years’ imprisonment. Greenhalgh v. State, 582 So.2d 107, 108 (Fla. 2d DCA 1991), citing Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985). Walker’s sixty-year sentence exceeds the statutory limit. We reverse the sentence and remand to the trial court with directions to sentence Walker to a term of imprisonment not exceeding forty years for the attempted murder conviction.
Reversed and remanded.
PARKER and PATTERSON, JJ., concur.