676 So.2d 1056 (1996)
Richard WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-600.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Rehearing Denied August 7, 1996.
Richard Williams, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Appellant was convicted of attempted first degree murder with a weapon, and sentenced to forty years imprisonment followed by five years of probation. In his motion to vacate, set aside or correct sentence pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, he raised fourteen examples of deficient performance by trial counsel. We agree with the appellant's contention that his sentence was illegal and find no error in the remaining counts.
Attempted first degree murder is a first degree felony that is reclassified to a life felony when the defendant uses a weapon. §§ 775.087(1)(a); 777.04(4)(a), Fla. Stat. (1993). Section 775.082(3)(a), Fla. Stat. (1993), provides for a life felony to be punished "by a term of imprisonment for life or a term of imprisonment not exceeding 40 years." Where "a court sentences a defendant for a life felony and opts for a term of years instead of a life sentence, it may impose a sentence no harsher than forty years' imprisonment." Walker v. State, 639 So.2d 1030 (Fla. 2d DCA 1994). The appellant's sentence of forty years plus five years of probation exceeds the legal maximum. Accordingly, the sentence is vacated and the matter is remanded for resentencing.