PER CURIAM.
Christopher Walker challenges the trial court’s denial of his postconvietion motion filed pursuant to Florida Rule of Criminal Procedure 3.850. It is his principal contention that he was convicted of a nonexistent crime, attempted felony murder. Because Walker’s judgment became final before the supreme court determined that the crime of attempted felony murder did not in fact exist, he is not entitled to relief and this court must affirm.
In Walker v. State, 639 So.2d 1030 (Fla. 2d DCA 1994), this court affirmed Walker’s convictions but reversed for resentencing. His judgment became final upon the issuance of this court’s mandate affirming his convictions on August 1, 1994, before the decision in State v. Gray, 654 So.2d 552 (Fla.1995), which determined that the crime of attempted felony murder did not jn fact exist. The supreme court thereafter announced in State v. Woodley, 695 So.2d 297 (Fla.1997), that the holding of Gray was limited to those cases whose judgments were not final on the date Gray issued.
To prevent his judgment of conviction from becoming final aftér the affirmance by this court, Walker would have been obligated to pursue further appellate remedies to challenge the judgment of conviction at that time, and not at such time as his sentence became final after remand. See State v. McKinnon, 540 So.2d 111 (Fla.1989), clarified on other grounds, State v. Roberts, 661 So.2d 821 (Fla.1995) (discussing the jurisdiction of the trial court to resentence on remand while discretionary jurisdiction is invoked in the supreme court challenging a district court’s affirmance of a judgment of conviction). ' Therefore, upon the issuance of this court’s mandate on August 1, 1994, Walker’s judgment became final before the supreme court’s decision in Gray.
We affirm the trial court’s denial of Walker’s other claims without discussion.
Affirmed.
CAMPBELL, A.C.J., and BLUE and GREEN, JJ., concur.