COPE, J.
In these consolidated cases Ronnie Fra-ley appeals an order denying his motion for postconviction relief, and also petitions for a writ of habeas corpus, asserting that his appointed counsel was ineffective. We conclude that Fraley (“defendant”) is not entitled to relief.
Defendant contends that his convictions on one count of attempted first degree murder, and two counts of attempted first degree murder of a law enforcement officer, should be set aside. The state prosecuted each count on alternative theories of attempted first degree premeditated murder and attempted first degree felony murder. Defendant argues that since the offense of attempted first degree felony murder has been abolished, these three convictions cannot stand.
We conclude that defendant is not entitled to the relief he seeks. Defendant’s original appeal to this court was decided in 1994. See Fraley v. State, 641 So.2d 128 (Fla. 3d DCA 1994). While certain other counts were reversed, the three attempted murder counts were affirmed. The case was remanded for resentencing. See id. at 129-30. This occurred the year prior to the Florida Supreme Court’s decision in State v. Gray, 654 So.2d 552 (Fla.1995), which abolished the offense of attempted first degree felony murder. See also State v. Woodley, 695 So.2d 297 (Fla.1997).
The Gray decision held that it would “be applied to all cases pending on direct review or not yet final.” 654 So.2d at 554. Defendant points out that he was twice resentenced after remand,[1] once after Gray had been announced, and that his post-resentencing appeal was not decided until 1997 — also after Gray had been announced. He argues 'that since his case did not come to an end until 1997, he is entitled to claim the benefit of Gray.
We reject defendant’s argument and agree with the Second District that the convictions for attempted murder became “final” for Gray purposes when this court issued its mandate in 1994 in connection with defendant’s original appeal. See Walker v. State, 715 So.2d 1065 (Fla. 2d DCA 1998). At that point defendant’s convictions for attempted murder were affirmed. All that remained was resentenc-ing in light of the fact that certain other *551 convictions had been vacated. See Fraley, 641 So.2d at 129-30. Appointed counsel was entirely correct in declining to pursue this issue in defendant’s post-resentencing appeal,[2] and her decision to file an Anders brief was correct. Likewise, there was no error in the trial court’s denial of posteon-viction relief on this issue.
We have reviewed the defendant’s remaining posteonviction claims. Assuming that they are not procedurally barred, we conclude that they are without merit.
Habeas corpus denied; order denying posteonviction relief affirmed.

. Defendant was resenlenced prematurely in 1994 after the opinion in Fraley v. State, 641 So.2d 128, was issued, but before the motion for rehearing had been disposed of. In 1996 there was a second resentencing.

. Fraley v. State, 696 So.2d 355 (Fla. 3d DCA 19.97) (affirmance, without opinion).