PER CURIAM.
Thomas T. Rolle appeals the denial of his motion to withdraw his plea of guilty to the charge of second degree murder, relying on the holding of Williams v. State, 676 So.2d 1056 (Fla. 3d DCA 1996) that where a court sentences a defendant for a life felony and opts for a term of years instead of a life sentence, it may impose a sentence no harsher than forty years imprisonment. Rolle therefore argues that he should be able to withdraw his plea because he was sentenced to fifty years imprisonment.
The State argues that Williams is not applicable because Rolle’s offense was committed on December 27, 1995. Section 775.082(3)(a)3, Florida Statutes (1995), was amended to state that for a life felony committed on or after July 1, 1995, the defendant may be sentenced to a term of imprisonment for life or to imprisonment for a term of years not exceeding life imprisonment. The statute, however, was amended pursuant to 1995 Fla. Laws, ch. 95-184, § 16, which was declared unconsti *240 tutional in Heggs v. State, 759 So.2d 620 (Fla.2000). Thus, Rolle should be allowed to withdraw his plea, as it was a plea to an illegal sentence. Upon remand, the State should be given the option of proceeding to trial on the original charges or having Rolle resentenced under the 1994 guidelines. See Latiif v. State, 787 So.2d 834, 837 (Fla.2001).
Reversed and remanded.