PER CURIAM.
In these consolidated cases, defendants Jimmy Fede and James St. Hilare appeal their convictions for first-degree murder, attempted first-degree murder, and armed robbery. Defendants correctly contend that post-State v. Gray, 654 So.2d 552 (Fla.1995) the offense of attempted felony murder is no longer recognized in Florida. See Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996); Humphries v. State, 20 Fla.L. Weekly D 2634, — So.2d-[1995 WL 858107] (Fla. 5th DCA Dec. 1, 1995); Tape v. State, 661 So.2d 1287 (Fla. 4th DCA 1995); Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995). Because the state in the instant case argued to the jury both attempted felony murder and attempted premeditated murder, it is impossible to determine upon which theory the jury based its convictions. Therefore, defendants’ attempted first-degree murder convictions must be-reversed. See Tape, 661 So.2d at 1288. No one may be convicted of a non-existent crime. Id. Because the facts may support guilty verdicts on the charges of attempted premeditated murder, a new trial on those charges is mandated. See Thompson, 667 So.2d at 470-72.
*1136 Accordingly, defendants’ convictions and sentences for attempted first-degree murder are reversed and the causes remanded.