673 So.2d 127 (1996)
Diana WOODLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2749.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and GODERICH, JJ.
PER CURIAM.
On October 9, 1992, the defendant approached the victim, who had just gotten into her car in a shopping center parking lot and asked her for directions. Suddenly, the defendant drew a knife and demanded the victim's purse and keys. As the defendant fought with the victim, she cut the victim's arm with the knife. The defendant pulled the purse and keys from the victim and ran towards the defendant's car. The victim chased the defendant to her car and tried to reclaim her purse and keys as the defendant drove away, striking the victim with her car. Police later apprehended the defendant, and the State charged her with armed robbery, armed burglary, attempted first-degree felony murder, and escape. After a trial, a jury found the defendant guilty on all four counts. On direct appeal, this court affirmed the decision of the trial court. Woodley v. State, 638 So.2d 956 (Fla. 3d DCA 1994).
In State v. Gray, the Florida Supreme Court held that attempted felony murder is not a crime in the State of Florida. As a consequence, the defendant filed a Rule 3.850 motion alleging that her attempted first-degree felony murder conviction should be vacated. 654 So.2d 552 (Fla.1995) (overruling Amlotte v. State, 456 So.2d 448 (Fla.1984)). The trial court denied this motion. The defendant now appeals the denial of her motion.
The conviction and sentence for attempted first-degree felony murder must be set aside since, pursuant to Gray, the Supreme Court has held that the aforementioned charge is not a crime in the State of Florida. Gray, 654 So.2d at 554. "[E]stablished authority in Florida holds that one cannot be punished based on a judgment of guilt of a purported crime when the `offense' in question does not exist. Stated differently, it is a fundamental *128 matter of due process that the state may only punish one who has committed an offense." State v. Sykes, 434 So.2d 325, 328 (Fla.1983); see Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996) (reversing a conviction for attempted felony murder that was pending on direct review because one cannot be convicted of a nonexistent crime); Hilare v. State, 669 So.2d 1135 (Fla. 3d DCA 1996) (reversing attempted murder conviction "[b]ecause the state ... argued to the jury both attempted felony murder and attempted premeditated murder, [and] it is impossible to determine upon which theory the jury based its convictions.")
The question posed by this case is whether Gray applies retroactively to cases already final. The United States Supreme Court has held that cases are non-retroactive when (1) the court "has applied settled precedents to new and different factual situations ...," or (2) the court "has expressly declared a rule of criminal procedure to be `a clear break with the past'," but are retroactive when (3) "[the] trial court lacked authority to convict or punish a criminal defendant in the first place." United States v. Johnson, 457 U.S. 537, 548-50, 102 S.Ct. 2579, 2586-87, 73 L.Ed.2d 202 (1982); see also Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Since Gray holds that attempted felony murder is not a crime in Florida, the trial court lacked the authority to convict the defendant or punish her. Therefore, Gray applies retroactively.
Although this opinion would reach the same result, it is important to apply the facts of this case to the Florida Supreme Court's test for retroactivity as articulated in State v. Callaway, 658 So.2d 983 (Fla.1995). To be retroactive in Florida, "the new rule must (1) originate in either the United States Supreme Court or the Florida Supreme Court; (2) be constitutional in nature; and (3) have fundamental significance." State v. Callaway, 658 So.2d at 986.[1] In Callaway, the defendant sought the retroactive application of the Hale decision which held that "consecutive habitual felony sentences for multiple offenses arising out of the same criminal episode" are invalid. Callaway, 658 So.2d at 986; see Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The court held that the decision could be applied retroactively, reasoning that the rule was constitutional in nature because, without an empowering statute, it violated due process. Callaway, 658 So.2d at 986-87. In addition, the Hale decision affected the defendant's liberty interests. Id. Similarly, in Meek v. State, the Fourth District held a decision to be retroactive, determining that it had fundamental significance because it "placed a defendant beyond the state's power to prosecute and impose penalties where the statute granted him [use and transactional] immunity [where he testifies against his will] regardless of whether he invoked his privilege against self-incrimination." 605 So.2d 1301, 1302 (Fla. 4th DCA 1992).
The Gray decision meets these factors as well. First, Gray was decided by the Florida Supreme Court. Second, Gray is constitutional in nature because it affects the defendant's due process rights and liberty interests since the crime with which she was convicted is nonexistent. Third, the Gray rule is of fundamental significance because it places beyond the authority of the state the power to regulate certain conduct or impose certain penalties, namely attempted murder during the commission of a felony. Therefore, the Gray decision is retroactive, even to cases which are final.
Although the appellee argues that the Gray case should not be given retroactive application because it only speaks of being applied to cases presently "in the pipeline" and future cases, clearly nothing in the Gray *129 opinion prohibits the case from being applied retroactively. Gray, 654 So.2d at 554. "Ordinarily, a decision of a court of last resort overruling a former decision is retrospective as well as prospective in its operation, unless specifically declared by the opinion to have a prospective effect only." Florida Forest and Park Serv. v. Strickland, 154 Fla. 472, 18 So.2d 251, 253 (Fla.1944); City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991); Hampton v. A. Duda & Sons, Inc., 511 So.2d 1104 (Fla. 5th DCA 1987); see also Vogel v. State, 365 So.2d 1079, 1080 (Fla. 1st DCA 1979) ("Judicial conscience cannot allow a person to remain imprisoned for a crime which the Supreme Court has held does not exist."). It should also be noted that the appellant has not challenged her convictions or sentences for the other two crimes for which she was convicted, to-wit: armed robbery and armed burglary. Accordingly, we are only setting aside the conviction for attempted first-degree felony murder.
We certify the following question:
SHOULD STATE V. GRAY, 654 So.2d 552 (Fla.1995), HOLDING THAT ATTEMPTED FELONY MURDER IS NOT A CRIME, BE APPLIED RETROACTIVELY TO OVERTURN THE CONVICTION OF A PERSON CONVICTED OF THAT CRIME, AFTER THE CASE HAS BECOME FINAL ON APPEAL?
NOTES
[1] In Callaway, 658 So.2d at 986-87, the court held that for a decision to be of fundamental significance it must: (1) "place beyond the authority of the state the power to regulate certain conduct or impose certain penalties" or (2) be "`of sufficient magnitude to necessitate retroactive application' under the test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)." The Stovall test requires consideration of the following factors: "(i) the purpose to be served by the new rule; (ii) the extent of reliance on the old rule; and (iii) the effect that retroactive application of the rule will have on the administration of justice." Callaway, 658 So.2d at 987.