676 So.2d 491 (1996)
Jack Gail ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2447.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.

*492 EN BANC
GOSHORN, Judge.
Jack Gail Allen was convicted of attempted first-degree murder, burglary of a dwelling while armed, and criminal mischief. He was charged with having committed the attempted first-degree murder either by premeditation or during the commission of a felony. The State argued both theories to the jury, which returned a verdict of guilty "as charged." One of the theories, attempted felony murder, is a nonexistent crime. State v. Gray, 654 So.2d 552 (Fla.1995). On appeal, Allen argues that reversal is required because it is possible that the jury used the nonexistent crime as a basis for the conviction.
The State argues that Allen's conviction for murder is controlled by Murray v. State, 491 So.2d 1120 (Fla.1986). In Murray, the defendant was charged with attempted first-degree murder and the jury convicted him of the lesser included offense of attempted manslaughter with a firearm. The defendant sought reversal on appeal, pointing to the fact that the jury had been improperly instructed that attempted manslaughter could be based on culpable negligence as well as on an act or procurement. See Taylor v. State, 444 So.2d 931 (Fla.1983) (holding that a conviction of attempted manslaughter must be based on a showing of an act or procurement rather than mere culpable negligence). The supreme court affirmed Murray's convictions on two grounds. Not only did it find that the issue of jury instructions had not been properly preserved for appeal, but also the court independently reviewed the record and found that ample and sufficient evidence existed to support a conclusion that the shooting of the victim "was the result of an act of petitioner done with the requisite criminal intent and was not mere culpable negligence." Murray, 491 So.2d at 1122.
We have carefully reviewed Murray and hold that to the extent it may be in conflict with our opinion, Murray is implicitly overruled by the supreme court's holding in Gray that Gray is to be applied to "all cases pending on direct review or not yet final." Gray, 654 So.2d at 554 (citing Smith v. State, 598 So.2d 1063, 1066 (Fla.1992)); see also State v. Grinage, 656 So.2d 457, 458 (Fla.1995) (reiterating that the holding in Gray "is applicable to all cases pending on direct review or not yet final at the time of the Gray opinion."). On appeal, the question for this court is not whether evidence exists which would support conviction upon the valid theory, but rather is whether it is possible that the conviction was based upon the invalid theory and nothing in the record establishes otherwise. We also note that Murray appears to be in conflict with the United States Supreme Court's decision in Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988) which held that "[w]ith respect to findings of guilt on criminal charges, ... the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court [is] uncertain which of the two grounds was relied upon by the jury in reaching the verdict." 486 U.S. at 376, 108 S.Ct. at 1866. This is so because the jury is the sole arbiter of the facts. Even if there is evidence in the record supporting conviction on the alternative legal ground, we, as an appellate court, cannot determine if the jury accepted that evidence. Accordingly, we reverse Allen's attempted first-degree murder conviction. Because it is impossible to determine which of the two theories the jury accepted, remand for retrial on the charges of attempted premeditated murder is required. See United States v. Garcia, 938 F.2d 12 (2d Cir.1991), cert. denied, 502 U.S. 1030, 112 S.Ct. 868, 116 L.Ed.2d 774 (1992); see also Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996); Humphries v. State, 676 So.2d 1 (Fla. 5th DCA 1995); Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996); Tape v. State, 661 So.2d 1287 (Fla. 4th DCA 1995); Ward v. State, 655 So.2d 1290 (Fla. 5th DCA 1995).
On the armed burglary conviction, Allen was sentenced to ten years in prison to be followed by ten years of probation. He argues on appeal that certain conditions of the probation are improper. We agree in part. The contribution to First Step of Volusia County is not authorized and is stricken. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994). We also agree that the condition that Allen obtain and maintain employment *493 is improper. See Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993). We amend the condition to include "or actively seek gainful employment." Except as noted, we find no errors in defendant's convictions and sentences for armed burglary or criminal mischief and affirm them as modified.
AFFIRMED in part as MODIFIED; REVERSED in part; REMANDED.
PETERSON, C.J., DAUKSCH, COBB, W. SHARP, HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.