678 So.2d 465 (1996)
Johnny MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-949.
District Court of Appeal of Florida, Third District.
August 14, 1996.
*466 Bennett H. Brummer, Public Defender and Craig J. Trocino, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.

ON MOTION FOR REHEARING
SCHWARTZ, Chief Judge.
In 1992, Miller pled nolo to, among other charges, two counts of attempted first degree murder. Both counts alleged alternative claims of attempted premeditated murder and attempted felony murder. Relying on State v. Gray, 654 So.2d 552 (Fla.1995), Woodley v. State, 673 So.2d 127 (Fla. 3d DCA 1996) and Brown v. State, ___ So.2d ___ [1996 WL 293635] (Fla. 3d DCA Case no. 95-3401, opinion filed, June 5, 1996), the defendant now seeks 3.850 relief from those convictions. We affirm the denial of his motion on that ground.
Even if we may indulge the very dubious assumption that Woodley and Brown survive the Supreme Court's recent treatment of Gray in State v. Wilson, 679 So.2d 411 (Fla. 1996), reversal is not in order. In a similar situation, Brown ordered a hearing to determine whether there was a factual basis for the supportable charge of attempted premeditated murder, as opposed or in addition to the supposedly "non-existent" crime of attempted felony murder. In this case, however, the factual stipulation and other matters of record already and clearly make out a case of attempted premeditated murder. See Bello v. State, 547 So.2d 914 (Fla.1989). See generally Suarez v. State, 616 So.2d 1067 (Fla. 3d DCA 1993). Hence, no purpose will be served by a remand.
Affirmed.