679 So.2d 364 (1996)
Theodore FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1437.
District Court of Appeal of Florida, Fourth District.
September 18, 1996.
Theodore Freeman, Indiantown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant pled guilty to first degree attempted felony murder and armed robbery with a firearm in 1993. After our supreme court held that attempted felony murder is not a crime in State v. Gray, 654 So.2d 552 (Fla.1995), he moved under rule 3.850 to set aside the conviction. The trial court summarily denied the motion, concluding that Gray would not be retroactive because of a statement in State v. Grinage, 656 So.2d 457, 458 (Fla.1995) to the effect that Gray would be applied to cases which were "pending on direct review or not yet final at the time of the Gray opinion."
After the trial court denied appellant's motion, the third district concluded that Gray was retroactive and granted relief under rule 3.850 in Woodley v. State, 673 So.2d 127 (Fla. 3d DCA 1996), applying the test for retroactivity set out in State v. Callaway, 658 So.2d 983 (Fla.1995).
In Callaway, our supreme court adhered to the three-prong test established for retroactivity under rule 3.850 set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), stating:
Under Witt, a new rule of law may not be retroactively applied unless it satisfies three requirements. The new rule must (1) originate in either the United States Supreme Court or the Florida Supreme Court; (2) be constitutional in nature; and (3) have fundamental significance.
The Callaway court was confronted with the issue of whether Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), was retroactive. In Hale the court had concluded that imposing consecutive habitual felony offender sentences for offenses arising out of the same criminal episode constituted an illegal sentence. The court concluded that Hale was retroactive because the imposition of the sentences, "in the absence of an empowering statute ... could not withstand a due process analysis," which met the second requirement of retroactivity, that the new rule be constitutional in nature. Callaway, 658 So.2d at 986.
We would have thought, as the third district did in Woodley, that since the Florida Supreme Court decided in Gray that attempted felony murder was not a crime, and since it is a denial of due process for a person to be convicted of a non-existent crime, that Gray would be retroactive. The Woodley court relied on State v. Sykes, 434 So.2d 325, 328 (Fla.1983), in which the Florida Supreme Court stated:
[O]ne cannot be punished based on a judgment of guilt of a purported crime when the "offense" in question does not exist. Stated differently, it is a fundamental matter of due process that the state may only punish one who has committed an offense; and an "offense" is an act clearly prohibited by the lawful authority of the state, providing notice through published laws. Only by legislative authority may a criminal offense be defined. (Citations omitted).
After Woodley, however, the Florida Supreme Court decided State v. Wilson, 680 So.2d 1262 (Fla.1996), in which the court was asked to determine whether a defendant whose attempted felony murder conviction is vacated can subsequently be convicted of lesser included offenses. In distinguishing *365 cases on which defendant was relying, the court stated:
Wilson is correct in his assertion that those cases involved nonexistent offenses which were lesser included offenses of the principal charge in the charging document, as opposed to the instant case, where the principal charge was a nonexistent offense. However, we do not agree that this mandates dismissal of the charges in the instant case. In the earlier cases, "nonexistent" had a slightly different connotation. There, the offenses in question were never valid statutory offenses in Florida; they were simply the product of erroneous instruction. Here, attempted felony murder was a statutorily defined offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years. It only became "nonexistent" when we decided Gray. Because it was a valid offense before Gray, and because it had ascertainable lesser offenses, retrial on any lesser offense which was instructed on at trial is appropriate.
Wilson.
Although, as we said earlier, Gray appeared to us to meet the requirements for retroactivity, that assumption was based on the fact that appellant pled to a nonexistent crime. If, as the supreme court has said in Wilson, the crime existed, then it follows that Gray would not be retroactive. The third district, which decided Woodley, has also noted that Wilson casts doubt on the retroactivity of Gray. See Miller v. State, 678 So.2d 465 (Fla. 3d DCA 1996).
We therefore affirm the order denying the rule 3.850 motion, but certify the following question as one of great public importance.
IS STATE V. GRAY, 654 So.2d 552 (Fla. 1995), RETROACTIVE?
Affirmed.
DELL and PARIENTE, JJ., concur.