ALLEN, Judge.
The appellant challenges the denial of a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in which he asserted that he should not have been convicted of attempted felony murder, as State v. Gray, 654 So.2d 552 (Fla.1995), establishes that there is no such criminal offense in Florida. Although the appellant had filed a prior motion under rule 3.850 raising a different claim, the supreme court’s subsequent ruling in Gray could not then have been reasonably anticipated and the present motion thus does not constitute an abuse of the procedure as delineated in rule 3.850(f). And while the opinion in Gray recites that the decision must be applied to all cases pending on direct review or not yet final, this does not necessarily preclude application of the decision in cases where collateral relief is sought under rule 3.850. Recognizing that a conviction and sentence should not be imposed for a purported offense which does not exist, the third district ruled in Woodley v. State, 673 So.2d 127 (Fla. 3rd DCA 1996), that the decision in Gray will apply in connection with a rule 3.850 motion for postconviction relief. See also Brown v. State, 21 Fla. L. Weekly D1318 (Fla. 3d DCA June 5, 1996). Following Woodley, we conclude that the decision in Gray may thus apply in the present case. The challenged order is therefore reversed and the case is remanded.
MINER and MICKLE, JJ., concur.