W. SHARP, Judge.
Motes appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court ruled that since this was Motes’ second rule 3.850 motion filed to collaterally attack his conviction for attempted first degree murder and it was filed more than two years after his judgment became final,[1] it was both successive and untimely. We disagree, but affirm on other grounds.
In this case, Motes was convicted of attempted first degree murder based on an instruction to the jury that allowed it to convict on one of two alternative theories: attempted felony murder or an intentional act. The verdict form reflects the jury convicted Motes of either attempted premeditad ed first degree murder dr attempted felony murder. His judgment became final before State v. Gray, 654 So.2d 552 (Fla.1995) was issued. In fact, the prior rule 3.850 motion was also filed prior to Gray. This second motion was filed within two years of Gray. Thus we do not think the current motion was *853 either successive or untimely. See State v. Callaway, 658 So.2d 988, 987 (Fla.1995).
Since it is not possible to determine on which theory the jury convicted Motes, either the valid ground of a premeditated act, or the non-existent crime of attempted felony murder, we would reverse his conviction and remand for retrial on the valid ground if this were a direct appeal. Allen v. State, 676 So.2d 491 (Fla. 5th DCA 1996); Humphries v. State, 676 So.2d 1 (Fla. 5th DCA 1995). Likewise, we would grant similar relief if we were sure that Gray is applicable to judgments which were final when Gray was issued for purposes of making a timely collateral attack. See Freeman v. State, 679 So.2d 364 (Fla. 4th DCA 1996); Woodley v. State, 673 So.2d 127 (Fla. 3d DCA 1996).
Recently, in State v. Wilson, 680 So.2d 411 (Fla.1996), the Florida Supreme Court determined that a defendant whose attempted felony murder conviction was vacated could be subsequently tried and convicted of lesser included offenses. The court reasoned that attempted felony murder “only became non-existent when we decided Gray.” This language casts doubt on the retroactive application of Gray to collateral attacks on a judgment which was final when Gray was rendered. See Freeman; Miller v. State, 678 So.2d 465 (Fla. 3d DCA 1996).
Accordingly, we affirm but we join our sister courts in certifying the following question to the Florida Supreme Court:[2]
SHOULD THE RULE ANNOUNCED IN GRAY BE APPLIED RETROACTIVELY TO CASES WHICH WERE FINAL WHEN THAT DECISION WAS RENDERED BUT FOR WHICH TIMELY COLLATERAL RELIEF IS SOUGHT?
AFFIRMED; Question Certified.
DAUKSCH and GOSHORN, JJ., concur.

. Fla. R.Crim. P. 3.850(b).

. Fla. R.App. P. 9.030(a)(2)(A)(vi).