COPE, Judge.
Clifton O. Glinton appeals an order denying his motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850. Defendant-appellant Glinton’s main argument is that his plea to the charge of attempted first degree murder should be set aside because the Florida Supreme Court in State v. Gray, 654 So.2d 552 (Fla.1995), abolished the offense of attempted first degree felony murder. Under the facts of this case, defendant is not entitled to relief.
On May 12, 1994, defendant entered a plea of nolo contendere to the charges of armed *1376 burglary with an assault, attempted first degree murder, and resisting an officer without violence. The offense of attempted first degree murder was charged alternatively as attempted premeditated murder and attempted first degree felony murder. Defendant was sentenced to seventeen years with a mandatory minimum term of three years.
In 1995, the Florida Supreme Court announced State v. Gray. That case abolished the offense of attempted first degree felony murder. 654 So.2d at 554. The Gray decision did not, however, abolish the offense of attempted premeditated murder.
Defendant correctly points out that this court subsequently held that the Gray decision is retroactive. Woodley v. State, 673 So.2d 127, 128-29 (Fla. 3d DCA 1996) (certifying question), review pending, Fla. S.Ct. Case No. 88,116. However, this court later expressed doubt about the correctness of Woodley. Miller v. State, 678 So.2d 465, 466 (Fla. 3d DCA 1996).
In the present ease, defendant was charged alternatively with attempted premeditated murder and attempted first degree felony murder. This court has held that where a defendant’s plea to attempted first degree murder is based on both attempted premeditated murder and attempted first degree felony murder, the defendant is not entitled to relief if the record shows a valid factual basis for attempted premeditated murder. Miller v. State, 678 So.2d at 466.*
Here the plea colloquy gives a brief proffer of the factual basis for the plea. The court file contains the deposition of the crime victim. These documents establish a factual basis for the offense of attempted premeditated murder, in addition to attempted first degree felony murder. Under Miller v. State, defendant is entitled to no relief. 678 So.2d at 466.
Defendant’s alternative claim that he was coerced by counsel into entering into this plea is both conclusory and refuted by the record.
Affirmed.

 If the record is insufficient on this point then a hearing will be ordered. Brown v. State, 21 Fla. L. Weekly D1318, - So.2d- (Fla. 3d DCA June 5, 1996).