PER CURIAM.
We have for review a decision certifying the following question to be of great public importance:
IS STATE V. GRAY, 654 So.2d 552 (Fla.1995), RETROACTIVE?
Freeman v. State, 679 So.2d 364, 365 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Freeman pleaded guilty to attempted first-degree murder with a firearm in 1993. The trial court dismissed Freeman’s rule 3.850 motion to set aside his sentence under Gray, concluding that Gray did not apply retroactively. The Fourth District Court of Appeal affirmed, but certified the question to this Court.
We answered this question in Gray, where we wrote “[t]his decision must be applied to all cases pending on direct review or not yet final.” Gray, 654 So.2d at 554. We subsequently elaborated on this statement:
In State v. Wilson, 680 So.2d 411 (Fla.1996), we dealt with the issue of whether attempted felony murder was a “nonexistent” offense in the traditional sense. There we wrote:
In the earlier cases, “nonexistent” had a slightly different connotation. There, the offenses in question were never valid statutory offenses in Florida; they were simply the product of erroneous instruction. Here, attempted felony murder was a valid offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years. It only became “nonexistent” when we decided Gray. Because it was a valid offense before Gray, and because it had ascertainable lesser offenses, retrial on any lesser offense which was instructed on at trial is appropriate.
Wilson, 680 So.2d at 412-13. Consistent with this rationale, and with our statement in Gray itself that the decision “must be applied to all cases pending on direct review or not yet final,” we hold that Gray does not apply retroactively to those cases where the convictions had already become final before the issuance of the opinion.
State v. Woodley, 695 So.2d 297 (Fla.1997). Accordingly, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.