PER CURIAM.
We have for review Hampton v. State, 699 So.2d 247 (Fla. 1st DCA 1996), which presents the same issue for review as did Woodley v. State, 673 So.2d 127, 129 (Fla. 3d DCA 1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Hampton and Woodley both question whether our decision in State v. Gray, 654 So.2d 552 (Fla.1995), applies retroactively. The court below followed the Third District Court of Appeal’s decision in Woodley and held that our decision in Gray does apply retroactively. Hampton, 21 Fla. L. Weekly at D2114. However, on review, we quashed the decision in Woodley, stating:
In State v. Wilson, 680 So.2d 411 (Fla.1996), we dealt with the issue of whether attempted felony murder was a “nonexistent” offense in the traditional sense. There we wrote:
In the earlier cases, “nonexistent” had a slightly different connotation. There, the offenses in question were never valid statutory offenses in Florida; they were simply the product of erroneous instruction. Here, attempted felony murder was a valid offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years. It only became “nonexistent” when we decided Gray. Because it was a valid offense before Gray, and because it had ascertainable lesser offenses, retrial on any lesser offense which was instructed on at trial is appropriate.
Wilson, 680 So.2d at 412-13. Consistent with this rationale, and with our statement in Gray itself that the decision “must be applied to all cases pending on direct review or not yet final,” we hold that Gray does not apply retroactively to those cases where the convictions had already become final before the issuance of the opinion.
State v. Woodley, 695 So.2d 297 (Fla.1997). Accordingly, consistent with our decision in Woodley, we quash the decision of the district court below and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.