PER CURIAM.
The denial of appellant’s motion to correct illegal sentence, brought under Florida Rule of Criminal Procedure 3.800(a), is affirmed in part and reversed in part. The trial judge correctly denied the motion as to the allegation that the court had improperly imposed consecutive, mandatory minimum terms, because that issue was previously resolved on direct appeal in a manner contrary to appellant’s argument. See Osborne v. State, 644 So.2d 320 (Fla. 1st DCA 1994).
The direct appeal does not show, however, that the issue regarding the scoring of the primary offense had been previously litigated. Appellant raised a facially sufficient argument when he alleged that his conviction for attempted felony murder[1] was erroneously scored as a life felony, rather than a first degree felony. See §§ 782.04(1) & 777.04(4)(a),-Fla. Stat. (1991). Because the trial court failed to attach a copy of the sentencing guidelines scoresheet to the order, we are unable to ascertain whether appellant’s allegation is true. We therefore reverse on this issue and remand with directions to the court to attach excerpts from the record which refute appellant’s claim, or to correct the scoresheet and resentence appellant.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
ERVIN and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, concur.

. Appellant’s conviction for attempted felony murder is valid, because his conviction and appeal were final prior to the issuance of State v. Gray, 654 So.2d 552 (Fla.1995). See State v. Woodley, 695 So.2d 297 (Fla.1997).