PER CURIAM.
Collin Gray appeals judgments of conviction for attempted first degree felony murder and armed robbery. We affirm the robbery conviction, reverse the attempted first degree murder conviction, and remand for re-sentencing.
Gray and two codefendants participated in the robbery of a store clerk. Defendants fled the scene in a vehicle. During the ensuing high-speed police chase, defendant’s vehicle proceeded through a red light and collided with another vehicle resulting in serious injury to the passenger. Defendant was charged with armed robbery and attempted first degree murder of the passenger. The information charged that “COLLIN GRAY ... did unlawfully and feloniously attempt to commit a felony, to wit: MURDER IN THE FIRST DEGREE, upon JEROME PASS-MORE, and in furtherance thereof, the defendant[ ] COLLIN GRAY, ... while being engaged in the perpetration of, or in an attempt to perpetrate: ROBBERY, attempt to kill JEROME PASSMORE, a human being and in such attempt did Collide with the car of JEROME PASSMORE after committing an ARMED ROBBERY, in violation of s. 782.04(1) and s. 777.04, Fla.Stats.” The jury found defendant guilty as charged. On appeal, defendant raises several issues; however, only his contention that the trial court erred in denying his motion for judgment of acquittal of the attempted felony murder merits discussion and reversal.
In Amlotte v. State, 456 So.2d 448, 449 (Fla.1984), the supreme court recognized the existence of the crime of attempted felony murder and set forth its elements stating that “[t]he essential elements of the crime are the perpetration of or the attempt to perpetrate an enumerated felony, together with an intentional overt act, or the aiding or abetting of such an act, which could, but does not cause the death of another.” See Fleming v. State, 374 So.2d 954 (Fla.1979). Recognizing that attempt is a specific intent crime, the court held that the specific intent to kill is presumed if defendant commits, or aids or abets the commission of a specific overt, but ineffectual, act during the perpetration or attempt to perpetrate an enumerated felony. Amlotte, 456 So.2d at 449-450. “Because the attempt occurs during the commission of a felony, the law, as under the felony murder doctrine, presumes the existence of the specific intent required to prove attempt.” Amlotte, 456 So.2d at 450.
Here, defendant does not dispute that he perpetrated an enumerated felony — robbery. However, he correctly contends that the information does not allege and the state did not present proof of a separate overt act which could, but did not, cause another’s death.[1] The information alleged that defen *936 dant’s car collided with the victim’s car and the state presented evidence that during the high-speed police chase defendant’s car proceeded through a red light and struck the victim’s car. The running of the red light and the resulting collision do not constitute overt acts reasonably understood to result in a person’s death. Thus, we conclude that there was insufficient evidence to present a jury question concerning whether the acts committed against the victim could have caused his death. Cf. Fleming, 374 So.2d at 956 (“[w]here the alleged ‘attempt’ occurs during the commission of a felony ... the law presumes the existence of premeditation just as it does under the felony murder rule[: bjecause the appellant was engaged in the commission of a felony when [defendant struggled for possession of the gun and the victim] was shot, the accidental nature of the shooting is irrelevant.”); Oropesa v. State, 555 So.2d 389 (Fla. 3d DCA 1989) (where defendant participated as aider and abettor and codefendant put car in reverse and struck victim evidence sufficient to warrant attempted felony murder conviction), review denied, 562 So.2d 346 (Fla.1990). Accordingly, the absence of proof to support the attempted first degree felony murder conviction mandates reversal.[2]
We certify to the supreme court that this decision involves the following question of great public importance:
WHETHER THE “OVERT ACT” REFERRED TO IN AMLOTTE v. STATE, 456 So.2d 448, 449 (Fla.1984), INCLUDES ONE, SUCH AS FLEEING, WHICH IS INTENTIONALLY COMMITTED BUT IS NOT INTENDED TO KILL OR INJURE ANOTHER?
Affirmed in part; reversed in part; remanded for resentencing; and question certified.

. "The act in an attempt is known as an 'overt act’ and an information must allege facts showing an overt act.... 'Overt' means open, apparent and an 'overt act’ denotes some outward manifest pursuance of a design or intent to commit a particular crime.... The overt act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime.” Morehead v. State, *936 556 So.2d 523, 524-525 (Fla. 5th DCA 1990) (citations omitted).

. We are cognizant that had the victim died there would be sufficient proof that defendant committed the offense of first degree felony murder. State v. Hacker, 510 So.2d 304 (Fla. 4th DCA 1986); see Parker v. State, 570 So.2d 1048 (Fla. 1st DCA 1990). However, Amlotte's requirement of an overt act creates an anomaly in the law which precludes defendant’s conviction.