PER CURIAM.
The appellant seeks review of several convictions and sentences thereon. We find no merit in the errors urged. See and compare Cave v. State, 613 So.2d 454 (Fla.1993); Fotopoulos v. State, 608 So.2d 784 (Fla.1992); Mann v. State, 603 So.2d 1141 (Fla.1992); Hodges v. State, 595 So.2d 929 (Fla.1992); State v. McCloud, 577 So.2d 939 (Fla.1991); Farinas v. State, 569 So.2d 425 (Fla.1990); Perez v. State, 604 So.2d 916 (Fla. 3d DCA 1992); Pierre v. State, 597 So.2d 853 (Fla. 3d DCA 1992); Roberts v. State, 500 So.2d 338 (Fla. 4th DCA 1986); Tarpley v. State, 477 So.2d 63 (Fla. 3d DCA 1985); Dodson v. State, 356 So.2d 878 (Fla. 3d DCA), cert. denied, 360 So.2d 1248 (Fla.1978), except that which urges error in the adjudications and sentences for attempted first degree murder, which pursuant to Gray v. State, 19 Fla.L.Weekly D1039, 1994 WL 176541 (Fla. 3d DCA May 10, 1994), we find to be well taken. Therefore, we affirm all convictions and adjudications thereon, save and except the two convictions and adjudications for attempted felony murder, which we hereby reverse. As this court did in Gray, supra, we certify the following question to the Supreme Court of Florida:
WHETHER THE “OVERT ACT” REFERRED TO IN AMLOTTE v. STATE, 456 So.2D 448, 449 (FLA.1984), INCLUDES ONE, SUCH AS FLEEING, WHICH IS INTENTIONALLY COMMITTED BUT IS NOT INTENDED TO KILL OR INJURE ANOTHER?
We also set aside all the sentences and remand for sentencing consistent with this opinion.
Affirmed in part, reversed in part, with directions.