PER CURIAM.
Appellant Charles Bell raises five issues in his direct appeal from judgment and sentence. In addition, at oral argument the issue of the applicability of State v. Gray, 654 So.2d 552 (Fla.1995), was raised by the court and supplemental briefs on this issue were submitted. We reverse on the Gray issue as explained below, and we affirm on all other issues.
Appellant was charged in a four-count indictment with armed robbery, attempted armed robbery, first degree murder, and attempted first degree murder. Count I, which concerned the armed robbery of a bicycle belonging to Emory Davis, was severed. The three remaining counts, which are the subject of the instant appeal, involved an attempted aimed robbery in which Tammy Jo Johnson was fatally shot and Katrina Jones was wounded. At age 18, appellant was the oldest of the five males charged in the Johnson murder. Prior to trial, appellant’s case was joined with codefendant Eugene Edwards; the other co-defendants were tried separately. Appellant was convicted and sentenced to life without parole for 25 years for first degree murder, a concurrent 20-year sentence for attempted first degree murder, and a concurrent 15-year term for the attempted robbery.
In count four of the indictment, appellant was charged with attempted first degree murder, and at trial, the state argued and the jury was charged on the alternative theories of attempted premeditated and attempted felony murder. Attempted felony murder, however, is no longer recognized as a crime in Florida. State v. Gray, 654 So.2d 552 (Fla.1995). Because appellant’s conviction on this charge may be based on the now legally invalid theory of attempted felony murder, this jury’s verdict on this count only must be set aside and the case remanded for retrial on the charge of attempted premeditated murder. Allen v. State, 676 So.2d 491, 492 (Fla. 5th DCA 1996)(en banc)(remanding for new trial and stating that “the question for this court is not whether evidence exists which would support conviction upon the valid theory, but rather is whether it is possible that the conviction was based upon the inval *2 id theory and nothing in the record establishes otherwise,” and adding that “[e]ven if there is evidence in the record supporting conviction on the alternative legal ground, we, as an appellate court, cannot determine if the jury accepted that evidence”); Bowers v. State, 676 So.2d 1060 (Fla. 4th DCA 1996). See Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931)(verdict which might be based on unconstitutional ground cannot stand even if there are alternative theories to support verdict). See also State v. Wilson, 680 So.2d 411 (Fla.1996)(holding where defendant convicted of attempted felony murder, lesser included offenses instructed on at trial remain viable for retrial); State v. Alfonso, 676 So.2d 1365 (Fla.1996). Accordingly, appellant’s conviction for attempted first degree murder is vacated, and the ease is remanded for retrial.
Except for the conviction for attempted first degree murder, appellant’s convictions and sentences are affirmed. Accordingly, the case is affirmed in part, reversed in part, and remanded for retrial in accordance with this opinion.
MINER, WEBSTER and MICKLE, JJ., concur.