CONFESSION OF ERROR

PER CURIAM.
By way of a petition for writ of habeas corpus, David Ford claims that his appellate counsel was ineffective for failing to challenge the legality of Ford’s conviction for attempted first degree murder pursuant to State v. Gray, 654 So.2d 552 (Fla.1995). Specifically, Ford had been charged with one count of attempted first degree murder[1] which had been pled as attempted premeditated murder or alternatively, attempted felony murder. The jury was instructed on both theories and found Ford guilty of attempted first degree murder. The jury, however, did not specify the theory under which Ford was convicted. Ford then appealed his conviction to this court.
While his appeal was pending, the supreme court issued the Gray decision which effectively abolished the crime of attempted felony murder. The supreme court further stated that its holding in Gray was to be applicable to “all cases pending on direct review or not yet final.” 654 So.2d at 554. The state properly concedes that Ford received ineffective assistance from appellate counsel when the Gray issue was not raised *393 on his direct appeal to this court. Stokes v. State, 685 So.2d 1368 (Fla. 2d DCA 1996).
Where as here, it is impossible to determine from the verdict form which of the two theories the jury relied on to convict Ford of attempted first degree murder, the attempted murder conviction must be vacated and the case remanded for a retrial on the charge of attempted first degree murder. State v. Wilson, 680 So.2d 411 (Fla.1996); Meeks v. State, 667 So.2d 1002 (Fla. 3d DCA), review denied, 677 So.2d 840 (Fla. 1996). We therefore grant the petition and vacate Ford’s conviction and sentence for attempted first degree murder and remand this cause for retrial on the charge of attempted premeditated murder.
Petition for Writ of Habeas Corpus Granted.

. Ford was also charged with one count of armed robbery'but this is not a subject matter of this appeal.