695 So.2d 297 (1997)
STATE of Florida, Petitioner,
v.
Diana WOODLEY, Respondent.
No. 88116.
Supreme Court of Florida.
April 3, 1997.
Rehearing Denied June 10, 1997.
*298 Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for Petitioner.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
Beverly A. Pohl, Fort Lauderdale; and Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for The Florida Association of Criminal Defense Lawyers, Amicus Curiae.
HARDING, Justice.
We have for review a decision passing on the following question certified to be of great public importance:
SHOULD STATE V. GRAY, 654 So.2d 552 (Fla.1995), HOLDING THAT ATTEMPTED FELONY MURDER IS NOT A CRIME, BE APPLIED RETROACTIVELY TO OVERTURN THE CONVICTION OF A PERSON CONVICTED OF THAT CRIME, AFTER THE CASE HAS BECOME FINAL ON APPEAL?
Woodley v. State, 673 So.2d 127, 129 (Fla. 3d DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla.Const.
In Gray we abolished the crime of attempted felony murder in this state. We expressly defined the scope of application in that decision: "This decision must be applied to all cases pending on direct review or not yet final." Gray, 654 So.2d at 554. Woodley argues that because Gray held that the offense of attempted felony murder was nonexistent in Florida, the decision must also be applied retroactively. In State v. Wilson, 680 So.2d 411 (Fla.1996), we dealt with the issue of whether attempted felony murder was a "nonexistent" offense in the traditional sense. There we wrote:
In the earlier cases, "nonexistent" had a slightly different connotation. There, the offenses in question were never valid statutory offenses in Florida; they were simply the product of erroneous instruction. Here, attempted felony murder was a valid offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years. It only became "nonexistent" when we decided Gray. Because it was a valid offense before Gray, and because it had ascertainable lesser offenses, retrial on any lesser offense which was instructed on at trial is appropriate.
Wilson, 680 So.2d at 412-13. Consistent with this rationale, and with our statement in Gray itself that the decision "must be applied to all cases pending on direct review or not yet final," we hold that Gray does not apply retroactively to those cases where the convictions had already become final before the issuance of the opinion.
Accordingly, we answer the question in the negative, quash the decision of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.