HARDING, Justice.
We have for review a decision passing on the following question certified to be of great public importance:
IS STATE V. GRAY, 654 So.2d 552 (Fla.1995) RETROACTIVE?
Mathis v. State, 680 So.2d 633, 634 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Gray we abolished the crime of attempted felony murder in this state. We expressly defined the scope of application in that decision: “This decision must be applied to all cases pending on direct review or not yet final.” Gray, 654 So.2d at 554. In State v. Woodley, No. 88,116, — So.2d - (Fla. Apr. 3, 1997), we expressly held that Gray does not apply retroactively to those cases where the convictions had already become final before the issuance of the opinion.
Accordingly, we answer the question in the negative and approve the decision of the district court.
It is so ordered.
*157 KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.