PER CURIAM.
Jonathan Vance was convicted of attempted first-degree felony murder and attempted armed robbery with a firearm for events occurring on May 3, 1993. He pleaded nolo contendere to and was sentenced on these offenses in August 1993. He did not appeal. After State v. Gray, 654 So.2d 552 (Fla.1995), and before State v. Woodley, 695 So.2d 297 (Fla.1997), were issued, Mr. Vance filed a motion for post conviction relief alleging that he should not have been convicted of attempted felony murder. On November 13, 1996, the trial court entered an order ruling that the conviction “should be” set aside and that Mr. Vance be resentenced on the attempted armed robbery count. He was re-sentenced on December 19, 1996, but the record does not reveal whether the attempted felony murder conviction was ever formally set aside.
The State appeals, correctly contending that Woodley now controls. We reverse the new sentence. If the attempted felony murder conviction was ever set aside, it must be reinstated. On remand, Mr. Vance must be resentenced for both offenses.
Reversed and remanded.
FRANK, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.