PER CURIAM.
The appellant, Clifford Coston, challenges his conviction of attempted arson. We affirm.
Appellant argues that the crime of attempted arson should no longer be recognized under the law in Florida in light of the Florida Supreme Court’s holding in State v. Gray, 654 So.2d 552 (Fla.1995). The court in Gray found that the crime of attempted felony murder does not exist.
Appellant in essence argues that Gray dictates that the State must prove a specific intent to commit the underlying crime in order to support a conviction for attempt, and it is logically impossible to show a specific intent to commit a general intent crime such as arson. We find there is no merit to appellant’s argument and we decline the invitation to extend the holding in Gray to the crime of attempted arson.
The holding in Gray was limited by its terms to the crime of attempted felony murder. The opinion in Gray was based on the recognition that the “legal fictions” necessary to support the intent for felony murder were “too great.” The Gray court recognized that felony murder rests on the legal fiction which implies or imputes the intent to murder from the defendant’s intent to commit the underlying felony. See Gray, 654 So.2d at 553. The Gray court’s concern was that attempted felony murder was a crime which requires a showing that the defendant intended to do an unintended act. (This is indicated by the Gray court’s adoption of Justice Overton’s dissent in Amlotte v. State, 456 So.2d 448 (Fla.1984), which quoted Judge Cowart’s dissent in Amlotte v. State, 485 So.2d 249 (Fla. 5th DCA 1983). See Amlotte 456 So.2d at 450). The crime of arson does not depend upon a legal fiction for its existence as does the crime of felony murder. Accordingly, the logic of Gray should not be extended to attempted arson.
Appellant raises the specter of the judicially created distinction between specific intent and general intent crimes. We believe the court would be best served by following the advice in the opinion, concurring in part and dissenting in part, of Justice Anstead in Frey v. State, 708 So.2d 918 (Fla.1998). Justice Anstead advised: “Rather than splitting hairs and attempting to draw a bright line through the murky and ill-defined netherworld that separates general from specific intent, our time would be better spent giving effect to the legislative intent behind a particular statute.... ” Frey, 708 So.2d at 921.
Turning to the legislative acts at issue here, neither the attempt statute nor the arson statute mention the judicially created distinction regarding intent. See §§ 777.04, 806.01, Fla. Stat. (1997). In order to establish the crime of arson, the State must prove that a defendant willfully and unlawfully caused damages to a dwelling by use of fire or explosion. See § 806.01, Fla. Stat. (1997). The attempt statute provides that a person who attempts to commit an offense and does an act towards the commission of the offense but fails to complete it commits the offense of attempt. See § 777.04, Fla. Stat. (1997). A plain reading of these two statutes indicates that a defendant can be convicted of attempted arson by willfully and unlawfully attempting to cause damage by use of fire or explosion.
We affirm.
ALTENBERND, A.C.J., and GREEN and SALCINES, JJ., Concur.