RONEY, Circuit Judge,
dissenting:
I respectfully dissent. I would affirm the district court’s denial of Harold B. Clark’s petition for writ of habeas corpus.
If Clark was indeed convicted of the nonexistent offense of attempted felony murder, there would undoubtedly be a clearly established violation of federal due process for a federal court to grant Clark, a state prisoner, habeas corpus relief under 28 U.S.C. § 2254(d). See Adams v. Murphy, 653 F.2d 224, 225 (5th Cir.1981) (affirming district court’s grant of petition for writ of habeas corpus on federal due process grounds after Supreme Court of Florida certified that petitioner’s jury conviction of attempted perjury was not a crime under Florida law). To convict a defendant solely based on a nonexistent offense is clearly an impermissible violation of federal due process. See Adams, 653 F.2d at 225 (“Nowhere in this country can any man be condemned for a nonexistent crime.”).
But that is not what happened here. It seems clear to me, as it did to the Florida courts, that the jury did not convict Clark of the nonexistent offense of attempted felony murder, a crime struck down by the Supreme Court of Florida. See State v. Gray, 654 So.2d 552, 552-53 (Fla.1995). Although the trial court instructed the jury on both premeditated and felony murder theories, the evidence presented at trial — as the district court properly stated in its order denying habeas corpus relief— overwhelmingly supports a conviction for attempted premeditated murder.
Clark made the argument that Gray requires reversal of his conviction to two Florida courts subsequent to final disposition of his direct state appeal. He first made this argument to the Florida First District Court of Appeal in a petition for writ of habeas corpus on September 21, 1995, and it was summarily rejected, thus determining, sub silentio, that Gray does not require reversal of Clark’s conviction under the facts and circumstances of his case.
Clark then raised this argument in a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief in Florida *1314 circuit court on May 8, 1996. There, although the Florida circuit court recognized that the Gray case should have been raised for appellate preservation purposes during the pendency of Clark’s dirept appeal and that a 3.850 motion was an inappropriate avenue to raise an argument not previously raised on direct appeal, the court nonetheless reasoned that “there is absolutely no reasonable probability that the jury would not have convicted the defendant of attempted first degree murder if this Court had not also instructed the jury on felony murder theory.... In short, the evidence that the defendant committed attempted premeditated first degree murder was literally overwhelming.” The court concluded, “Therefore, there is no reasonable probability that the outcome of the defendant’s trial would have been any different if this Court had not also instructed the jury on attempted felony murder, and he would not be entitled to any relief even if his claim were properly before this Court.”
Because two Florida state courts have determined that Gray would not require reversal under the facts and circumstances of Clark’s case, appellate counsel’s failure to raise that claim on Clark’s direct appeal could not have prejudiced Clark. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, I would deny Clark’s claim that his appellate counsel was ineffective in failing to raise Gray on direct appeal.