[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13059

_____

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 99-00889-CV-J-25-TJC

HAROLD B. CLARK,

Petitioner-Appellee,

versus

JAMES CROSBY,
CHARLIE CRIST,
Florida Attorney General,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 16, 2005)**

Before BLACK and HULL, Circuit Judges, and HODGES\*, District Judge.

PER CURIAM:

---

\*Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

The district court granted Harold Clark's 28 U.S.C. § 2254 petition, concluding the state court's adjudication of Clark's ineffective assistance of appellate counsel claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The State filed this appeal. We affirm.

Clark was charged in state court with breaking into the dwelling of his former girlfriend, and attempting to kill her by cutting her throat while she slept. During closing arguments at trial, the State told the jury that in order to prove Clark guilty of attempted first-degree murder, the State could show either premeditation or that the act of cutting the victim's throat was done in the course of another felony. The jury found Clark guilty of attempted first-degree murder and burglary.

After Clark's conviction, the Florida Supreme Court decided *State v. Gray*, 654 So. 2d 552 (Fla. 1995), receding from a prior decision and holding attempted felony murder was not a crime in Florida. *Id.* at 554. In *Gray*, the Court stated its decision should be applied to all cases pending on direct appeal. *Id.* At the time the *Gray* decision was rendered, Clark's direct appeal was pending, but briefing had been completed. Clark's attorney did not raise an argument based on *Gray*. On May 23, 1995, the state appellate court affirmed Clark's conviction.

In September 1995, Clark filed a petition for writ of habeas corpus in state court, arguing, inter alia, that his appellate counsel was ineffective for failing to raise an argument based on the *Gray* holding that attempted felony murder is not a crime in Florida. The state court summarily denied Clark's petition.

Clark then filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. After an evidentiary hearing, the state court denied Clark's Rule 3.850 motion. The court noted that Clark's ineffective-assistance claim was cognizable only in the habeas corpus proceeding before the court that decided Clark's direct appeal. The denial of Rule 3.850 relief was affirmed on appeal.

Clark, initially proceeding pro se, filed this § 2254 petition arguing, inter alia, that: (1) his conviction was obtained by use of a non-existent crime under Florida law (attempted first-degree felony murder); and (2) he was denied effective assistance of appellate counsel based on his appellate attorney's failure to argue he was convicted of a non-existent crime. The district court denied Clark's petition. On the ineffective assistance of appellate counsel claim, the district court concluded Clark's appellate counsel's performance was not deficient. The district court did not address the *Strickland* prejudice prong.

3

On appeal, we appointed counsel. We vacated the district court's judgment on the ineffective assistance of counsel claim. *See Clark v. Crosby*, 335 F.3d 1303, 1313 (11th Cir. 2003), *cert. denied*, 540 U.S. 1155, 124 S. Ct. 1159 (2004). We remanded the case, stating: "Without an evidentiary hearing, the record in this case does not support a finding regarding th[e] constitutional adequacy of Clark's appellate counsel's performance." *Id.* at 1312.

On remand, the district court conducted an evidentiary hearing and entered a very thorough opinion granting Clark's petition with respect to his ineffective assistance of appellate counsel claim. The State appealed.

We heard oral argument on the State's appeal. After hearing oral argument and reviewing the briefs and the record in this case, we hold there was no reversible error and affirm.

AFFIRMED.