943 So.2d 280 (2006)
John Ceasar HAZELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-792.
District Court of Appeal of Florida, Third District.
November 29, 2006.
Rehearing Denied December 22, 2006.
*282 Harold Long, Jr., Miami, for appellant.
Charles J. Crist, Jr., Attorney General, for appellee.
Before RAMIREZ, and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The trial court denied John Ceasar Hazelton's motion filed pursuant to Florida Rule of Criminal Procedure 3.800. After a careful review of the record, we affirm the trial court's thorough and well-written order and adopt it as our own opinion. The trial court's order reads as follows:
ORDER DENYING MOTION FOR POST CONVICTION RELIEF
THIS CAUSE having come before this Court on the defendant's, John Ceasar Hazelton's, Motion and Supplemental Motion for Post Conviction Relief, pursuant to Rule 3.800(a), Fla. R.Crim. P., and this Court having reviewed the motion, the supplement, the State's response thereto, the court files and records in this case, having heard argument of counsel, and being otherwise fully advised in the premises this Court hereby:
FINDS AND ORDERS as follows:
Defendant's Motion for Post Conviction Relief, appropriately filed pursuant to Rule 3.800(a), Fla. R.Crim. P., is DENIED.
On July 20, 1994, Defendant entered into a plea on four cases, including the following three cases that are the subject of the instant motion. In Case No.: F93-18108D Defendant was charged with 1st degree attempted premeditated felony murder and armed robbery with a firearm. In Case No.: F93-18139B, Defendant was charged with armed burglary; 3 counts of armed robbery with a weapon; and 1st degree attempted felony murder. In Case No.: F93-18141B, Defendant was charged with armed burglary; 3 counts of kidnapping with a weapon; 3 counts of armed robbery with a weapon; and 4 counts of sexual battery with a weapon or serious injury.
In accordance with the plea, the Defendant was sentenced to forty years in state prison on all of the sexual battery charges, all of the attempted murder charges and one of the armed burglary charges. The Defendant was sentenced to a consecutive thirty years in state prison on the rest of the charges. The other charges and their respective sentences are not relevant.
Defendant's first claim is that his sentences to the two charges of attempted felony murder should be vacated because subsequent to him accepting a plea for attempted felony murder, the Florida Supreme Court held that there is no such crime. State v. Gray, 654 So.2d 552 (Fla.1995). Defendant claims that since there is no such crime his sentence is illegal. However, at the time of the decision, the Defendant's cases were final. There were no pending motions or appeals. As a result, Defendant cannot avail himself of this decision.
Defendant's second claim is that the holding in Gray should be applied retroactively. However, the Supreme Court's decision clearly state that it must apply to all cases pending on direct review or not yet final. The Defendant's cases were final. The fact that the Gray decision was not to apply retroactively to cases that were no longer pending was later confirmed by the Supreme Court in another decision. State v. Woodley, 695 So.2d 297 (Fla.1997).
Moreover, in case F93-18108D, the Defendant was charged and plead guilty *283 to attempted 1st degree murder which alleged alternative claims of attempted felony murder as attempted premeditated felony murder. Therefore, even if the Defendant were entitled to retroactive application of Gray the sentence is still not illegal because it supports the charge of 1st degree murder and attempted premeditated felony murder. Miller v. State, 678 So.2d 465 (Fla. 3d DCA 1996).
Defendant also asserts that in not applying the Gray decision retroactively, his Due Process Rights have been violated, in accordance with the U.S. Supreme Court's decision in Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). The Florida Supreme Court again addresses the issue of retroactively, specifically as affected by the decision in Fiore and determined ". . . that retroactivity will be adjudged solely through operation of the Witt standard with an overlay of the Fiore due process considerations." State v. Barnum, 921 So.2d 513 (Fla.2005). However, even when using the retroactivity standard set out in Witt v. Florida, 387 So.2d 922 (Fla.1980), the egregiousness of the Defendant's actions; the additional charges that he plead guilty to, including attempted 1st degree murder, attempted premeditated felony murder, 4 counts of sexual battery with a weapon or serious injury, armed robbery with a firearm, armed burglary and 3 counts of armed robbery with a weapon, does not warrant vacating the sentence of two charges of attempted felony murder.
Defendant's third claim is that justice requires that he receive the same relief granted to Dominic Jackson, his co-defendant in cases F93-18139 and F93-18141. Mr. Jackson's case was on appeal when the Gray decision was entered and as a result his conviction for attempted felony murder was vacated in case F93-18139. However, the co-defendant's case was not final and therefore, properly vacated, pursuant to Gray. The Defendant was not similarly situated.
Defendant's fourth claim is that the sentences are constitutionally disproportionate in relation to his co-defendants. However, Defendant's involvement was more egregious in each case than any of his co-defendants. Defendant was the one who physically raped and in other ways sexually assaulted the victim in case F93-18141. Defendant was the one who shot the victim in the back in case F93-18108. Defendant plead to more counts in Case F93-18139. Defendant's sentence is not disproportionate.
ORDERED AND ADJUDGED that the Defendant's Motion for Post Conviction Relief is DENIED.
The defendant, John Ceasar Hazelton, is hereby notified that he has the right to appeal this order to the District Court of Appeal of Florida, Third District within thirty (30) days of the signing and filing on this order.
In the event that the defendant takes an appeal of this order, the Clerk of this Court is hereby ordered to transport, as part of this order, to the appellate court the following:
1. Defendant's Motion and Pleading titled "Supplemental Sentencing Issues."
2. The State's response(s).
3. This order.
Affirmed.