PER CURIAM.
Appellant Harold Bernard dark appeals a judgment and sentence, entered August 6, 1993, convicting him of attempted first degree murder and burglary of a dwelling with assault. Appellant argues before this court that his conviction for attempted first degree murder must be reversed because it may have been based upon a theory of attempted felony murder, a charge rendered invalid by the Florida Supreme Court’s decision in State v. Gray, 654 So.2d 552 (Fla.1995).
This direct appeal arises from proceéd-ings which began in 1993. Appellant and the victim, Ms. Patricia Ann Lee, had been involved in a long-term relationship which deteriorated in March 1993. Ms. Lee testified at trial that, even after their relationship ended, appellant continued to pursue and harass her. In the early morning hours of March 29,1993, Ms. Lee awoke to find appellant in her apartment, sitting on her bed, leaning over her. She testified that appellant grabbed her and she felt something, presumably appellant’s knife, “go around [her] neck.” Appellant continued to grab her neck and squeeze, as though “trying to make it bleed” and then ran out of the house. Ms. Lee was treated at the University Medical Center for a severe stab wound to the left side of her neck. Fortunately, she survived the attack.
Appellant was charged by amended information on June 4, 1993, with one count of attempted premeditated murder, and one count of burglary with intent to commit assault. Nonetheless, at trial the State argued, and the trial court instructed, that the jury could find appellant guilty of attempted first degree murder on either one of two theories, first that appellant had the premeditated intent to kill Ms. Lee, or alternatively on the theory of felony murder committed while appellant was participating in the underlying burglary. The jury was also instructed on the lesser included crimes of attempted second degree murder, attempted third degree murder, attempted manslaughter, aggravated battery, aggravated assault, simple battery and simple assault. Ultimately, the jury returned a general verdict which pronounced appellant guilty of attempted first degree murder and burglary of a dwelling with assault.
*112 Appellant filed a timely notice of appeal to this court. His judgments and sentences were affirmed without written opinion on May 23, 1995. Clark v. State, 654 So.2d 1166 (Fla. 1st DCA 1995). However, in the intervening time between appellant’s notice of appeal and this court’s disposition of the case, the Florida Supreme Court decided Gray, which announced that attempted felony murder was no longer a legally valid crime in Florida. The supreme court also noted that its decision must be applied “to all cases pending on direct review or not yet final.” Gray, 654 So.2d at 554. Counsel for appellant never raised the issue before this court.
Following his direct appeal, appellant pursued a series of post-conviction proceedings in this court. He also filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida, alleging that his conviction for a legally invalid crime violated due process, and further that he was denied the effective assistance of appellate counsel in his direct appeal. The petition was summarily denied. Appellant subsequently appealed the denial to the Eleventh Circuit Court of Appeal. In an opinion rendered July 2, 2003, the Eleventh Circuit vacated the district court’s order, “insofar as the court denied relief on Clark’s ineffective assistance of appellate counsel claim.” See Clark v. Crosby, 335 F.3d 1303, 1313 (11th Cir.2003). Accordingly, on remand, the District Court held an evidentiary hearing on the sole issue of whether appellant had received effective assistance from appellate counsel. On May 3, 2004, the District Court entered an order which held that Clark’s appellate counsel was deficient in failing to raise the potential issues presented by the supreme court’s decision in Gray, and ordered that appellant be released from custody unless he was afforded an opportunity for a second direct appeal. Appellant’s judgments and sentences are now before this court on appeal.
We agree with appellant that Gray requires this court to reverse appellant’s conviction for attempted first degree murder and we remand for a new trial. See Gray, 654 So.2d at 554 (holding, “we recede from the holding in Amlotte [v. State, 456 So.2d 448 (Fla.1984) ] that there is a crime of attempted felony murder in Florida. This decision must be applied to all cases pending on direct review or not yet final,” and approving the Third District Court’s reversal of Gray’s conviction for attempted first-degree felony murder); Bell v. State, 685 So.2d 1, 1 (Fla. 1st DCA 1996) (“Because appellant’s conviction on this charge may have been based on the now legally invalid theory of attempted felony murder, this jury’s verdict on this count must be set aside and the case remanded for retrial on the charge of attempted premeditated murder”). We do not address whether the trial court on remand may enter judgment against appellant on a lesser charge.
REVERSED and REMANDED with directions.
BARFIELD, PADOVANO, and POLSTON, JJ., concur.