COPE, J.
 

 This is an appeal of an order denying the motion filed by Michael Witherspoon to correct illegal sentence under Florida
 
 *811
 
 Rule of Criminal Procedure 3.800(a). Defendant-appellant Witherspoon requests the striking of his convictions and sentences for two counts of attempted first-degree murder on authority of
 
 State v. Gray,
 
 654 So.2d 552 (Fla.1995). We affirm based on the following analysis.
 

 The defendant was convicted of attempted first-degree murder (counts one and two), armed robbery (count three), and shooting or throwing a deadly missile (count four).
 
 [1]
 
 The permitted range on the sentencing guidelines scoresheet was life. On counts one and two the trial court imposed concurrent guidelines life sentences, with a mandatory minimum sentence of three years. On count three the court imposed a consecutive life sentence as a habitual violent felony offender (HVFO) with a fifteen-year mandatory minimum sentence. On count four, the court imposed a thirty-year sentence as an HVFO, with a mandatory minimum sentence of ten years, the count four sentence being concurrent with count three.
 
 [2]
 

 According to the defendant’s Rule 3.800(a) motion, on counts one and two the State charged the defendant alternatively with attempted premeditated first-degree murder and attempted first-degree felony murder. His motion quotes a portion of the trial transcript in which the trial court ruled during trial that the State had introduced insufficient evidence of premeditation. The court stated that counts one and two would go to the jury solely on the issue of attempted first-degree felony murder. Nothing in the postconviction record now before us contradicts that transcript excerpt.
 
 [3]
 

 The defendant appealed his judgment and sentence to this court. His direct appeal was pending here when, on May 4, 1995, the Florida Supreme Court abolished the offense of attempted first-degree felony murder.
 
 State v. Gray,
 
 654 So.2d at 554. The
 
 Gray
 
 decision held that the abolition of the crime of attempted felony murder “must be applied to all cases pending on direct review or not yet final.”
 
 Id.
 
 Therefore the defendant was entitled to relief under
 
 Gray.
 
 The defendant’s counsel, however, did not raise the
 
 Gray
 
 issue while the defendant’s appeal was pending. The defendant’s direct appeal became final when this court issued its mandate on September 22,1995.
 

 The defendant filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Unfortunately, the defendant’s motion framed the issue as being whether the
 
 Gray
 
 decision was retroactive. While the Rule 3.850 motion was pending, the Florida Supreme Court held that
 
 “Gray
 
 does not apply retroactively to those cases where the convictions had already become final before the issuance of the opinion.”
 
 State v. Woodley,
 
 695 So.2d 297, 298 (Fla.1997). The trial court denied the postconviction motion.
 
 [4]
 

 
 *812
 
 The defendant subsequently reiterated his
 
 Gray
 
 claim in several postconviction motions. The State’s position has been that a claim under
 
 Gray
 
 can only be raised by a timely Rule 3.850 motion or petition alleging ineffective assistance of appellate counsel, and that the defendant’s claim has become time-barred. The claim has been denied each time it has been raised.
 

 In his current Rule 3.800(a) motion, the defendant again raises the
 
 Gray
 
 claim. He correctly argues that his case fell within the
 
 Gmy
 
 window. He contends that for persons who are within the
 
 Gray
 
 window, the offense of attempted first-degree felony murder is a nonexistent offense. He further argues that his claim should be allowed under the manifest injustice exception to the res judicata and collateral es-toppel doctrines recognized in
 
 State v. McBride,
 
 848 So.2d 287 (Fla.2003).
 

 The Fourth District has said, “A conviction for a non-existent crime is fundamental error that can be raised at any time, even if the error was ‘invited’ by acceptance of a negotiated plea or by a request for jury instructions.”
 
 Moore v. State,
 
 924 So.2d 840, 841 (Fla. 4th DCA 2006) (offense of attempted aggravated assault on a law enforcement officer). The Fourth District’s decision in
 
 White v. State,
 
 973 So.2d 638, 640-41 (Fla. 4th DCA 2008), suggests that the Fourth District would apply that analysis to a defendant who -was convicted of attempted first-degree felony murder, if the defendant’s case fell within the
 
 Gray
 
 window.
 
 [5]
 

 We affirm because the test for manifest injustice under
 
 McBride
 
 is not satisfied. The defendant’s
 
 Gray
 
 issue affects only counts one and two, on which he is serving guidelines life sentences. However, even if those convictions and sentences were vacated, the defendant is still subject to his life sentence as an HVFO on count three, armed robbery.
 

 In
 
 McBride,
 
 the defendant maintained that under the applicable version of the habitual offender statute, he should not have been habitualized for the offense of attempted first-degree murder. 848 So.2d at 288. However, he had been properly habitualized on two other counts, and was serving concurrent habitual offender sentences of the same length.
 
 Id.
 
 at 292. On those facts, the Florida Supreme Court held that the manifest injustice exception was not satisfied and affirmed the denial of relief.
 

 The same logic applies here. The life HVFO sentence on count three would remain intact, even if relief were granted on counts one and two.
 

 Based on that analysis, we affirm the denial of relief.
 
 [6]
 

 [1]
 

 . The crime date was August 17, 1990.
 

 [2]
 

 . The sentencing orders are contained in this court's file in
 
 Witherspoon v. State,
 
 No. 3D08-2383, 2008 WL 4823130.
 

 [3]
 

 . The trial court denied the current motion on the theory that the judgment describes counts one and two as being attempted first-degree murder. That is not a basis for denial of relief. First, as stated, the defendant maintains (and the postconviction record now before us does not contradict) that the case went to the jury only on the offense of attempted first-degree felony murder. Second, the case law holds that if the case went to the jury on both attempted premeditated murder and attempted first-degree felony murder, and there is no interrogatory verdict, and the defendant is in the
 
 Gray
 
 window, then the defendant is entitled to a new trial.
 
 Valentine v. State,
 
 688 So.2d 313, 317 (Fla.1996).
 

 [4]
 

 .In reality, there was no retroactivity issue in the defendant’s case. Since the defendant's conviction had not become final when
 
 Gray
 
 
 *812
 
 was announced, the defendant was squarely within the
 
 Gray
 
 window and application of
 
 Gray
 
 to this defendant was not a retroactive application of
 
 Gray.
 

 [5]
 

 . The argument in favor of applying the two-year limit of Rule 3.850 (postconviction relief) or Florida Rule of Appellate Procedure 9.141(c)(4)(B) (ineffective assistance of appellate counsel) is that when a conviction for attempted first-degree felony murder is vacated on account of the
 
 Gray
 
 decision, the State is allowed to
 
 re-try
 
 the defendant on any lesser included offenses which were instructed on at trial.
 
 State v. Wilson,
 
 680 So.2d 411, 412-13 (Fla.1996).
 

 [6]
 

 . Although not applicable to this case, the Legislature subsequently reenacted the offense of attempted first-degree felony murder, which is currently section 782.051, Florida Statutes (2009).
 
 See White,
 
 973 So.2d at 641.