**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10884

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DEMETRIUS GREGORY FLOYD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00065-JDW-AEP-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Demetrius Floyd, a federal prisoner, appeals the district court's denial of his motion for compassionate release. On appeal, he argues that the court erred in denying his motion because his

sentence was unusually long, he would not pose a danger to the community if released, and the 18 U.S.C. § 3553(a) factors supported his release. After thorough review, we affirm.

"We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id*. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id*. We review de novo whether a defendant is a career offender under U.S.S.G. § 4B1.1. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). We also review de novo whether a prior conviction qualifies as a conviction of a crime of violence under the Sentencing Guidelines. *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015).

The First Step Act amended § 3582(c)(1)(A) to allow district courts to reduce a defendant's term of imprisonment upon motion of the defendant. *See* Pub. L. No. 115-391 § 603 ("First Step Act"); 18 U.S.C. § 3582(c)(1)(A). A district court may grant a sentence reduction under § 3582(c)(1)(A) if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of a sentence reduction.[1] *United States v. Tinker*, 14 F.4th 1234,

---

[1] Factors under § 3553(a) the district court may consider include the nature and circumstances of the offense, the history and characteristics of the

1237–38 (11th Cir. 2021).  When the district court finds that any one of the necessary conditions for a sentence reduction is not met, it need not examine the other conditions.  *Id.*

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13.  *See* U.S.S.G. § 1B1.13.  Under subsection (a), a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines that, among other things, "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  *Id.* § 1B1.13(a).[2] Subsection (b) provides that an extraordinary and compelling reason exists under any of these circumstances or a combination thereof: the defendant's medical circumstances, his age, his family circumstances, if the defendant was the victim of abuse while serving a term of incarceration, or if he received an "unusually long sentence."  *Id.* §1B1.13(b)(1)–(4), (6).  Under the "unusually long

_____

defendant, the seriousness of the crime, the need to promote of respect for the law, to provide just punishment, to protect the public from the defendant's crimes, and to afford adequate deterrence.  18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).  A district court need not address each of the § 3553(a) factors or all the mitigating evidence.  *Tinker*, 14 F.4th at 1241.

[2] Factors the district court should consider in determining whether a defendant is a danger to another person or the community include: (1) the nature and circumstances of the offense charged, including whether the offense involved a firearm; (2) the weight of the evidence against the defendant; (3) his history and characteristics, including his criminal history and whether, at the time of the current offense or arrest, he was on probation, on parole, or on release pending trial, sentencing, appeal, or completion of sentence for an offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g)(1)–(4).

sentence" provision, in cases where a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment," a district court may consider "a change in the law . . . [that] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" in deciding "whether the defendant presents an extraordinary and compelling reason" for a sentence reduction, though the change in law must be considered in light of all "the defendant's individualized circumstances." *Id*. § 1B1.13(b)(6).

Under § 4B1.1(a) of the Sentencing Guidelines, a defendant is classified as a career offender if (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled-substance offense; and (3) he had at least 2 prior felony convictions for either a crime of violence or a controlled-substance offense. U.S.S.G. § 4B1.1(a). For the purpose of calculating criminal history, offenses committed before the age of 18 are counted as adult convictions if the defendant was convicted as an adult and sentenced to a term of imprisonment exceeding 1 year and 1 month. *Id*. § 4A1.2(d)(1).

Section 4B1.2 defines a "crime of violence" as any offense under federal or state law that is punishable by at least one-year imprisonment and that:

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (2)     is murder, voluntary manslaughter, kidnap-
> ping, aggravated assault, a forcible sex offense, rob-
> bery, arson, extortion, or the use or unlawful posses-
> sion of a firearm described in 26 U.S.C. § 5845(a) or
> explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(1)–(2). In 2023, the guideline was amended to expressly include inchoate offenses, including attempt, as part of the term "crime of violence." *Id.* § 4B1.2(d); *id.*, App. C. Amend. 822.

In *United States v. Taylor*, the Supreme Court considered whether attempted Hobbs Act robbery qualified as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). 596 U.S. 845, 848 (2022). If attempted Hobbs Act robbery qualified as a crime of violence, the defendant would have been subject to an enhanced sentence. *Id.* Notably, the Supreme Court said that § 924(c)(3)(A)'s "elements clause" defined a "crime of violence" to include offenses that have as an element "'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* The Supreme Court noted that, to convict a defendant of attempted Hobbs Act robbery, the government must prove "an intention to take property by force or threat, along with a substantial step toward achieving that object." *Id.* at 851. However, proof of this intention and a substantial step does not necessarily require the government to prove that the defendant used, attempted to use, or even threatened the use of force against another person or property. *Id.* The Supreme Court concluded that attempted Hobbs Act robbery did not satisfy § 924(c)(3)(A)'s elements clause. *Id.* at 851.

In *State v. Gray*, the Florida Supreme Court overruled prior contrary state precedent and held that there is no crime of attempted felony murder in Florida, reasoning that the extension of the felony murder doctrine "'so as to make intent irrelevant for purposes of attempt crimes was illogical and without basis in law.'" 654 So. 2d 552, 553–54 (Fla. 1995) (citation omitted). The Florida Supreme Court recognized the error of allowing a conviction for attempted first-degree felony murder because "[t]he legal fictions required to support the intent for felony murder are simply too great." *Id.* at 554. Then, in *Williamson v. State*, a state post-conviction case, the Florida Supreme Court held that a prisoner's counsel was ineffective on appeal for not raising a *Gray* claim, where the prisoner was convicted of three counts of attempted murder, and one of the alternative bases for those convictions was based on the crime of attempted first-degree felony murder. 994 So. 2d 1000, 1016 (Fla. 2008). The Florida Supreme Court concluded that counsel's failure to raise the *Gray* claim undermined confidence in the correctness of those convictions and vacated them. *Id.*

Because the "elements clause" definition of "crime of violence" under § 4B1.2(a)(1) in the Guidelines and the definition of "violent felony" under the Armed Career Criminal Act ("ACCA") are "virtually identical," we look to the Supreme Court's and our own decisions applying the ACCA for guidance to determine whether an offense qualifies as a crime of violence under the Guidelines, and vice versa. *United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019). Notably, we've held that Florida attempted first-degree murder is a violent felony under the ACCA, and

25-10884                 Opinion of the Court                    7

acknowledged that the Supreme Court has called attempted murder a "'prototypically violent crime.'" *Hylor v. United States*, 896 F.3d 1219, 1223 (11th Cir. 2018) (involving a 28 U.S.C. § 2255 case).

> The 2012 version of § 841(b)(1)(A) stated that:
>
> In the case of a violation of subsection (a) of this section involving . . . 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, its salts, optical and geometric isomers, and salts of isomers . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years or more than life imprisonment. . . . If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .

21 U.S.C. § 841(b)(1)(A) (2012). In 2018, the statutory minimum after a prior serious drug felony conviction was amended from 20 years to 15 years, and after two serious drug felonies was amended from life imprisonment to 25 years. *Id.* § 841(b)(1)(A) (2018).

> The 2012 version of § 841(b)(1)(B) stated that
>
> In the case of a violation of subsection (a) of this section involving . . . 28 grams or more of a mixture or

> substance described in clause (ii) which contains co-
> caine base . . . such person shall be sentenced to a term
> of imprisonment which may not be less than 5 years
> and not more than 40 years. . . . If any person com-
> mits such a violation after a prior conviction for a fel-
> ony drug offense has become final, such person shall
> be sentenced to a term of imprisonment which may
> not be less than 10 years and not more than life im-
> prisonment . . . .

*Id*. § 841(b)(1)(B) (2012). The 2018 amendment to this subsection only changed the term "felony drug offense" to "serious drug felony or serious violent felony," but did not change the mandatory-minimum terms of imprisonment for defendants who had one or more prior convictions for this offense. *Id*. § 841(b)(1)(B) (2018).

Here, the district court did not err in denying Floyd's motion for compassionate release because he did not show extraordinary and compelling circumstances warranting relief. For starters, Floyd would have been subject to the same Sentencing Guidelines calculation and mandatory minimum today as he was at the time of sentencing. *Compare* 21 U.S.C. § 841(b)(1)(B) (2012) *with id*. § 841(b)(1)(B) (2018). Floyd's argument that he received an "unusually long sentence" is based on subsequent changes lowering the mandatory-minimum sentences set forth in the statutory text in § 841(b)(1)*(A)*, but Floyd was convicted by a jury of the lesser-included offense under § 841(b)(1)*(B)*. Today, this provision still carries the same mandatory-minimum sentence of ten years for a defendant with a prior conviction for a "serious drug felony." *Compare* 21 U.S.C. § 841(b)(1)(B) (2012) *with id*. § 841(b)(1)(B) (2018).

Further, Floyd still would have been sentenced as a career offender under the Sentencing Guidelines. His predicate Florida conviction for cocaine delivery remains a "serious drug felony," and his Florida conviction for attempted first-degree murder remains a qualifying crime of violence. *See Hylor*, 896 F.2d at 1223; *Ochoa*, 941 F.3d at 1107. The Florida Supreme Court cases he cites rejected attempted *felony* murder as a crime, whereas Floyd was convicted of attempted *first-degree* murder. In fact, the state cases differentiated attempted first-degree murder and attempted felony murder because felony murder requires an intent created through legal fiction -- something attempted first-degree murder does not. *See Williamson*, 994 So. 2d at 1016; *Gray*, 654 So. 2d at 554. These state cases simply do not apply, so his claim that he was convicted of a non-existent crime under Florida law is without merit. The career offender enhancements still apply to Floyd, and his total offense level remains 37, making his Guidelines calculation the same.

The Guidelines also clearly provide that if a defendant was sentenced to more than one year and one month imprisonment, and was convicted in adult court, the prior offenses should be used in determining his criminal history and career offender status. U.S.S.G. § 4A1.2(d)(1). Floyd was sentenced to two years' imprisonment for attempted first-degree murder and attempted robbery with a weapon in adult court. Thus, the district court correctly considered Floyd's previous crimes in analyzing his career-offender status, and he has not shown that his sentence is unusually long.

In addition, because the court found that Floyd was a danger to the community and that the § 3553(a) factors did not support his release, the court did not need to discuss Floyd's argument that he had an extraordinary and compelling reason justifying his release under § 1B1.13(b)(6). *See Tinker*, 14 F.4th at 1241. Indeed, the district court did not abuse its discretion in concluding that the § 3553(a) factors did not support his release. His crime was serious -- his drug offense involved a significant amount of cocaine, and one of his predicate offenses, attempted first-degree murder, was extremely violent and could have resulted in loss of life. As for his history and characteristics, Floyd continued to violate the law after he was released from previous sentences and repeatedly committed crimes while on supervised release for other offenses. These circumstances indicate not only that Floyd lacks respect for the law and is unable to be deterred by a short sentence, but also that the district court did not err in concluding that he remains a danger to the community and the safety of others. 18 U.S.C. §§ 3142(g), 3553(a).

As we've noted, § 3582(c)(1)(A) motions can only be granted when all three prongs of the statute are satisfied. In this instance, none of the prongs were met. As a result, the district court was not required to consider Floyd's rehabilitation efforts in analyzing the § 3553(a) factors, nor was it required to address each factor or all the mitigating evidence. *Tinker*, 14 F.4th at 1241. We affirm.

**AFFIRMED**.